**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

CHARLES LEE NEAL, II,

Plaintiff,

v. CIVIL ACTION NO. 3:24-0494

TYLER DEWEESE,
KYLE MOORE,
CARL ALDRIDGE, and
STEVE TARBETT,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable James P. Mazzone, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).[1] On September 24, 2026, the Magistrate Judge submitted Proposed Findings of Fact and recommended that Plaintiff Charles Lee Neal, II's Third Amended Complaint be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2) for failing to state a claim for which relief may be granted. *See* PF&R, at 11 (Sept. 24, 2026), ECF No. 52. Plaintiff Charles Lee Neal, II, acting pro se, has filed three documents that the Court will liberally construe as objections. ECF Nos. 53-55; *see Elijah v. Dunbar*, 66 F.4th 454, 461 (4th Cir. 2023) (stating a court must "liberally construe pro se objections while maintaining constitutional limitations on a magistrate's authority"). A district

[1]Originally, this case was referred to the Honorable Joseph K. Reeder, Magistrate Judge, but on September 23, 2026, the case was referred to the Honorable James P. Mazzone.

court judge is required to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

In his three "objections," Plaintiff claims that his legal name is Charles Lee Neal, II, but he was improperly identified as Charles Lee Neal, Jr. or Charles L. Neal Jr. He also claims he was not read his Miranda rights in a "constitutional form" or fingerprinted in a "constitutional form" and that Defendants Steve Tarbett and Kyle Moore never ran for office and violated his constitutional rights.

As thoroughly explained by the Magistrate Judge, using an incorrect generational suffix in identifying Plaintiff did not amount to a constitutional violation. PF&R, at 6-7. Plaintiff does not assert the use of the wrong "suffix caused Defendant Deweese to arrest the wrong person, that the arrest lacked probable cause, or that the use of 'Jr.' rather than 'II' otherwise rendered his seizure unlawful." *Id*. Additionally, although it is unclear what Plaintiff means by asserting that he was not mirandized or fingerprinted in a "constitutional form," it seems to be based on his claim he was misidentified as a Jr. rather than a II when he was arrested and processed. Again, the use of an incorrect generational suffix in this case does not rise to a constitutional violation, so assuming he was given his Miranda rights and fingerprinted as a Jr. rather than a II is of no consequence.

In his "objections," Plaintiff also fails to identify how the Magistrate Judge erred in finding that he did not plausibly allege his constitutional rights were violated by Defendant Moore. Plaintiff identifies Defendant Moore as a prosecutor and asserts he was not elected to office and asks the Court to "check into it" and get "back to [him.]" "Objection 3," ECF No. 55. However, the Court will not conduct discovery and investigations on Plaintiff's behalf. That responsibility falls on Plaintiff. Moreover, Plaintiff does not address the actual findings of the Magistrate Judge with respect to Defendant Moore, which relates to the paperwork Defendant Moore received

containing the alleged incorrect generational suffix and finding it did not amount to a constitutional deprivation. *See* PF& R, at 8. Therefore, the Court **DENIES** Plaintiff's objection as to Defendant Moore.

Lastly, Plaintiff identifies Defendant Tarbett as a magistrate and, like Defendant Moore, states he was never elected to office and asks the Court to "check into it" and get "back to [him.]" "Objection 3," ECF No. 55. As previously stated, it is not this Court's role to conduct discovery. Moreover, assuming the truth of Plaintiff's allegation that Defendant Tarbett is a state court magistrate, the federal Magistrate Judge found in the PF&R that Defendant Tarbett "is entitled to absolute judicial immunity for acts performed in his judicial capacity." PF&R, at 9. In his objections, Plaintiff does not challenge this finding, and the Court finds no error on the part of the Magistrate Judge. Thus, the Court **DENIES** Plaintiff's objection as to Defendant Tarbett.

Accordingly, the Court, having reviewed, de novo, the pleadings and Plaintiff's "objections" **FINDS** the "objections" without merit, **ADOPTS AND INCORPORATES HEREIN** the Magistrates Judge's Findings and Recommendations, and **DISMISSES** this action **WITH PREJUDICE**.[2] The Court further **DIRECTS** the Clerk to remove this action from the Court's docket.

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record, and any unrepresented parties.

ENTER: October 27, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[2] In his three "objections," Plaintiff makes no mention or objection to the Magistrate Judge's proposed finding that he has failed to state a cognizable claim against Defendant Carl Aldridge.